```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**XAVIER L. LIGHTFOOT,**

                        **Plaintiff,**

                                                     **CIVIL ACTION**
        **vs.**                                                **No. 04-3163-SAC**

**FREDERICK LAWRENCE, et al.,**

                        **Defendants.**

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a Bivens[1] complaint filed while plaintiff was confined in a facility operated by the Corrections Corporation of America (CCA) in Leavenworth, Kansas.

Plaintiff seeks damages and injunctive relief for the alleged violations of his constitutional rights. He first claims he was subjected to cruel and unusual punishment when he was assaulted with pepper spray by CCA staff in May 2002. He next claims CCA staff assaulted him in January 2004 when plaintiff was too sick to comply with an order to get out of bed. Third, plaintiff claims CCA staff invaded his privacy by the unauthorized disclosure of plaintiff's HIV status.

Citing plaintiff's failure to document exhaustion of administrative remedies on all three claims, the court directed plaintiff to show cause why the complaint should not be dismissed because it contained a mixture of exhausted and unexhausted claims.

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

*See* Ross v. Benalillo, 365 F.3d 1181 (10th Cir. 2004)(42 U.S.C. § 1997e(a) requires "total exhaustion;" prisoner complaint containing a mixture of exhausted and unexhausted claims is to be dismissed).

In response,[2] plaintiff describes and documents his attempt to pursue administrative remedies concerning the use of force in May 2002 and June 2004, but acknowledges his failure to exhaust administrative remedies regarding the alleged violation of his right to privacy. Accordingly, dismissal of this action is appropriate pursuant to Ross. *See* Porter v. Nussle, 534 U.S. 516, 532 (2002)("the [§ 1997e(a)] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong") *and* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)("we stress the point ... that we will not read futility or other exceptions into [the § 1997e(a)] statutory exhaustion requirements").

IT IS THEREFORE ORDERED that the complaint, as amended, is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 16) is denied.

**IT IS SO ORDERED.**

DATED: This 21st day November 2006 at Topeka, Kansas.

 s/ Sam A. Crow
 SAM A. CROW
 U.S. Senior District Judge

---

[2] Plaintiff also filed an amended complaint that reasserts the same claims but names additional defendants.